UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN J. SECO DE LUCENA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00439-JRS-DLP |
| ) | |
| T.J. WATSON, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner John J. Seco De Lucena, an inmate at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus challenging his federal convictions and sentences. As explained below, Mr. Seco de Lecena has not shown his entitlement to habeas corpus relief, and his petition is denied.

**I. Factual and Procedural Background**

Mr. Seco de Lucena pleaded guilty in Southern District of Illinois, without a written agreement, to conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); manufacturing over 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5, 6, & 7); maintaining a place to manufacture methamphetamine, in violation of 21 U.S.C. § 856(a)(1) (Count 8); and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) (Count 10). Dkt. 12 ¶¶ 7, 8, 9, 10, 12. The United States filed an § 851 Information which provided that Mr. Seco de Lucena had a prior conviction for a felony drug

offense, a 1995 unlawful possession of marijuana for sale in California. *See id.* ¶ 13. The United States agreed to dismiss Count 9 at the time of sentencing. *Id.* ¶ 14.

According to the presentence investigation report ("PSR"), Mr. Seco de Lucena's total offense level was 30. *Id.* ¶¶ 49, 50, 56. In addition, Mr. Seco de Lucena was a career offender because he had two or more prior felony drug convictions and crimes of violence as defined in U.S.S.G. § 4B1.1. These convictions included:

> 1) 1991 Residential Burglary, St. Clair County, IL Circuit Court, Docket No. 92CF647; and
>
> 2) 1995 Possession of Marijuana for Sale, Orange County, CA, Superior Court, Docket No. 95HF0453.

*Id.* ¶¶ 62, 63.

Mr. Seco de Lucena's career offender status increased his total offense level to 37. *Id.* ¶ 57. Based on a total offense level of 37 and a criminal history category of VI, Mr. Seco de Lucena's guideline imprisonment range was 360 months to life. *Id.* ¶ 95. However, the maximum term of imprisonment which could be imposed was as follows: 360 months for Counts 2, 4, 5, 6, and 7; 240 months for Count 8; and 120 months for Count 10. *Id*.

Mr. Seco de Lucena was sentenced to 360 months' imprisonment. *See United States v. Seco de Lucena*, 27 F. App'x 685 (7th Cir. 2001). He filed a notice of appeal, but his attorney filed an *Anders* brief. *Id.* In ruling on his appeal, the Seventh Circuit held: 1) Mr. Seco de Lucena's plea was voluntary; 2) the decision to sentence him at the high end of the sentencing range on the grounds that his drug activities affected his infant daughter was not subject to review; and 3) the appellate court did not have jurisdiction to review the district court's denial of his request for a downward departure. *Id.*

In 2006, Mr. Seco de Lucena filed a motion under 28 U.S.C. § 2255, which the district

court denied as untimely. *See Seco de Lucena v. United States*, No. 06-cv-174 (S.D. Illinois 2006).

In 2016 and 2017, Mr. Seco de Lucena sought permission to file second or successive petitions for collateral review under § 2255. The Seventh Circuit denied both requests. *See Seco de Lucena v. United States*, No. 16-1166 (7th Cir. 2016); No. 17-1966 (7th Cir. 2017).

In 2017, Mr. Seco de Lucena filed a § 2241 petition in this Court challenging his career offender enhancement pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), claiming that his Illinois residential burglary was not a "crime of violence." *Seco de Lucena v. Krueger*, 2:17-cv-584-WTL-DLP. This Court denied his petition finding that his argument was foreclosed by *Smith v. United Sates*, 877 F.3d 720 (7th Cir. 2017). *Id.* dkt. 15.

On September 9, 2019, Mr. Seco de Lucena filed this § 2241 petition again challenging his career offender enhancement.

## II. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those

3

developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

> The Seventh Circuit construed the savings clause in *In re Davenport*, holding:
>
> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

### III. Discussion

In support of his § 2241 petition, Mr. Seco de Lucena challenges his career offender enhancement under § 4B1.1 of the guidelines. He argues: 1) his Illinois residential burglary conviction no longer qualifies as a predicate offense under *Johnson v. United States*, 135 S. Ct. 2551 (2015); 2) California possession of marijuana for sale was reduced to a misdemeanor and therefore no longer qualifies as a predicate; 3) his due process rights were violated when the trial

court did not state whether his career offender designation was based on the enumerated offense or residual clause of the career offender provision of the guidelines.

### A. *Illinois Burglary*

First, Mr. Seco de Lucena claims that his Illinois residential burglary conviction does not qualify as a "crime of violence" under § 4B1.1 of the sentencing guidelines after the Supreme Court ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. As the Seventh Circuit has explained:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). The career offender provision of the guidelines applicable to Mr. Seco de Lucena's conviction contains a similar definition of a "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
>> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2008). Mr. Seco de Lucena contends that his residential burglary conviction falls under the residual clause of this provision of the guidelines and therefore, under *Johnson*, should not have been used to enhance his sentence.

5

Mr. Seco de Lucena has failed to show his entitlement to relief on his *Johnson* claim. First, this claim is not properly brought in a § 2241 motion because *Johnson* is a case of constitutional, not statutory interpretation. *See Welch v. United States,* 136 S. Ct. 1257 (2016) (holding that *Johnson* announced a new substantive rule of constitutional law that applies retroactively). Thus, he does not rely on an intervening Supreme Court decision of statutory interpretation that was previously unavailable. Such a constitutional claim must be asserted in a second or successive motion under 28 U.S.C. § 2255, not a § 2241 petition. *See* 28 U.S.C. § 2255(h)(2); *Davis*, 863 F.3d at 964.

Moreover, Mr. Seco de Lucena has already filed a similar claim. In 2017, he filed a § 2241 in this district claiming that his Illinois residential burglary conviction did not qualify as a "crime of violence" under *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Seco de Lucena*, No. 2:17-cv-584-WTL-DLP. This Court found that this argument was foreclosed under *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017) and denied his petition. *Id.* dkt. 14, 15. This ruling was issued after the Supreme Court decided *Johnson* in 2015.

B. *California Possession of Marijuana for Sale*

Next, Mr. Seco de Lucena argues that that his California Possession of Marijuana for Sale conviction was re-designated as a misdemeanor under California Proposition 47[1] and therefore no longer qualifies as a predicate controlled substance offense.

California Proposition 47, among other things, reduced certain California convictions from felonies to misdemeanors and permitted certain previously convicted defendants to petition for a "recall of sentence," which, if granted, effectively reclassified their convictions from felonies to misdemeanors. *See* Cal. Penal Code § 1170.18(a). The United States concedes that Mr. Seco de

---

[1] While Mr. Seco de Lucena refers to California Proposition 64, the applicable Proposition is 47.

6

Lucena's California possession of marijuana for sale conviction was designated as a misdemeanor pursuant to Penal Code 1170.18 on January 17, 2018. The United States argues, however, that this does not invalidate the use of this conviction as a predicate offense for purposes of the career offender enhancement.

> The guidelines define a controlled substance offense as
>
> [a]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

U.S.S.G. § 4B1.2(b). Under this definition, Mr. Seco de Lucena's conviction qualifies as a controlled substance offense under the guidelines. *See United States v. Sandoval-Venegas*, 292 F.3d 1101, 1107 (9th Cir. 2002); *see also United States v. Ruth*, No. 20-1034, --- F.3d ---, 2020 WL 4045885 (7th Cir. July 20, 2020).

Moreover, the conviction is properly considered to be a felony if it was one at the time of his conviction. *See United States v. Sanders*, 909 F.3d 895, 900 (7th Cir. 2018) (holding that a defendant who commits a federal drug offense after previously being convicted of a state felony drug offense is subject to the recidivist enhancement in 18 U.S.C. § 841 even if that prior offense was later reclassified as a misdemeanor pursuant to Proposition 47); *United States v. London*, 747 F. App'x 80 (3rd Cir. 2018) (unpublished) ("Because the subsequent reclassification of [the defendant's] California conviction had no bearing on that conviction's underlying lawfulness, he remains eligible for the sentence enhancement he received under [§ 841]."); *United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016) ("California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841.").

7

C. *Due Process*

Finally, Mr. Seco de Lucena argues that his due process rights were violated when the court did not state whether his crime of violence was designated under the enumerated or residual clause. Mr. Seco de Lucena bases this argument on the Seventh Circuit decision in *Shipman v. United States*, 925 F.3d 938 (7th Cir. 2019). The Seventh Circuit held in *Shipman* that the petitioner's § 2255 motion challenging the enhancement of his sentence under the then-mandatory sentencing guidelines was timely. *Id.* at 943. The court remanded the case for a determination of whether his sentence was enhanced under the enumerated or residual clause of the career offender provision of the guidelines. *Id.* at 944. Thus, contrary to Mr. Seco de Lucena's argument, *Shipman* did not hold that due process requires the trial court to specifically designate whether a prior conviction is considered under the enumerated or residual clause of the career offender provision of the guidelines. The Court simply explained that on the record before it, such a determination could not be made. Moreover, even if *Shipman* did create such a requirement Mr. Seco de Lucena could not obtain relief on that basis in this § 2241 petition for the same reason that he cannot obtain relief under *Johnson*. *Shipman*, which simply applies *Johnson* and the Seventh Circuit opinion in *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), is not a new case of statutory interpretation and therefore does not satisfy the savings clause. *See Davis*, 863 F.3d at 964.

## IV. Conclusion

For the foregoing reasons, John Seco de Lucena has failed to show his entitlement to relief under § 2241. His petition for a writ of habeas corpus is therefore **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/24/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN J. SECO DE LUCENA
04962-025
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov